Filed 7/2/15  Koromah v. Kappia CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARGARET KOROMAH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNY KAPPIA,<br><br>    Defendant and Appellant. | B254296<br><br>(Los Angeles County Super. Ct.<br> Nos. YQ020061 and BF02535) |

APPEAL from an order of the Superior Court of Los Angeles County. John A. Slawson, Judge.  Affirmed.

Kenny Kappia, in pro. per., Defendant and Appellant.

Law Office of Farshid John Fakourfar and Farshid John Fakourfar for Plaintiff and Respondent.

_____

Kenny Kappia (father) appeals from a Domestic Violence Prevention Act restraining order entered in favor of Margaret Koromah (mother), the mother of his child. We conclude the trial court did not abuse its discretion in entering the order, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and father were never married, but had a child together in 2002. A child custody order granted father visitation with the child every other weekend; the child was to be handed off at a neutral location. At some point, the exchanges stopped occurring. Several times, father came to mother's home, demanding to see his son. He pounded on the door, frightening mother's other children. Father made verbal threats against mother, stating that he would kill mother if his son did not come out. He also made multiple telephone calls to mother, in which he threatened to kill her and her husband. On another occasion, he threatened that her son would be abducted and all she would see is his dead body.

On the basis of these acts, mother sought and received a domestic violence temporary restraining order. The matter was set for a hearing on a permanent restraining order. Father opposed mother's petition, arguing that mother's view of the facts was incorrect. Father took the position that he had come peacefully to mother's house to obtain his court-ordered visitation, and that when mother failed to exchange the child, father had made reports to the Los Angeles County Sheriff's Department of mother's violations of the visitation order. Father argued that mother had fabricated her allegations against him in retaliation for his reports to the sheriff's department.

The trial court believed mother, disbelieved father, and entered a five-year restraining order. Father filed a timely notice of appeal.

## DISCUSSION

On appeal, father argues that the trial court abused its discretion in that there was insufficient evidence of abusive conduct sufficient to justify entry of a domestic violence restraining order.

2

We review an order granting a domestic violence restraining order for abuse of discretion. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1495 (*Nadkarni*).) Under this standard, we uphold the trial court's factual findings if they are supported by substantial evidence. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143 (*Burquet*).) We accept as true all evidence tending to establish the correctness of the trial court's findings, resolving every conflict in favor of the judgment. (*Ibid.*)

Under the Domestic Violence Prevention Act, the court may enter a restraining order if the evidence establishes "reasonable proof of a past act or acts of abuse." (Fam. Code, § 6300.)[1] The moving party need not establish a probability of future abuse; the existence of past abuse is sufficient. (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 783.) "Abuse," for purposes of the Domestic Violence Prevention Act, is defined to include any behavior that could be enjoined under section 6320. (§ 6203, subd. (a)(4).) In turn, section 6320 encompasses a litany of conduct, including "threatening, . . . harassing [and] disturbing the peace of the other party."

Mother's affidavit in support of the restraining order supplies sufficient evidence of threatening and harassing conduct, as well as disturbing the peace. Mother stated that father threatened to kill her and her husband, and to abduct and kill her son; this is clearly threatening conduct. On one day alone, father called mother's house 11 times, which constitutes harassment. Father's acts of pounding on mother's door and frightening her children "destroy[ed] the mental or emotional calm" of mother's children, and therefore constituted disturbing the peace.[2] (See *Nadkarni, supra*, 173 Cal.App.4th at p. 1497.)

---

[1]     All further section references are to the Family Code.

[2]     Father argues that this court should impose the definition of "disturbing the peace" found in a criminal case, *In re Bushman* (1970) 1 Cal.3d 767, 773, and reject the reasoning of *Nadkarni, supra*, 173 Cal.App.4th at page 1497, which applied a different definition of "disturbing the peace" in a domestic violence restraining order case. We agree with both *Burquet, supra*, 223 Cal.App.4th at page 1146 and *Nadkarni*, at page 1497 that the criminal law definition of "disturbing the peace" has no application in this context.

Although father contends that mother's statements are untrue, the trial court was entitled to believe her.

## DISPOSITION

The restraining order is affirmed. Father is to pay mother's costs on appeal.


                                        RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.


        FLIER, J.